IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

*Plaintiff*,

v.

JAMES KIDD,

*Defendant*.

Criminal No. ELH-12-0606
Related Civil No.:  ELH-16-3254

**MEMORANDUM OPINION**

In a Superseding Indictment (ECF 5) filed on June 25, 2013, James Kidd was charged, *inter alia*, with carjacking, in violation of 18 U.S.C. § 2119(1); brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 2119(a) and 18 U.S.C. § 924(c); and possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1). He entered a plea of guilty to carjacking (Count Two) on March 13, 2014 (ECF 31), pursuant to a written plea agreement.  ECF 32 ("Plea Agreement").  The offense of conviction carries a maximum sentence of 15 years' imprisonment.

Notably, Kidd's guilty plea was entered pursuant to Fed. R. Crim. P. 11(c)(1)(C), by which the parties stipulated to a sentence of 180 months' imprisonment.  ECF 32, ¶ 7.  On September 15, 2014, the Court imposed the agreed upon sentence.  ECF 41; ECF 42; ECF 43.

On September 26, 2016, Kidd filed a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255.  ECF 54 ("Petition").[1]  Relying on *Johnson v. United States*, 135 S. Ct. 2251 (2015), Kidd asserts:  "I no longer qualify as a career offender."  ECF 54 at 5.  In

---

[1] A federal public defender was appointed to represent Kidd in this case.  *See* ECF 51. However, the federal public defender moved to withdraw from representation.  ECF 52.  Judge Catherine Blake approved the federal public defender's motion on June 29, 2016.  ECF 52.

response, the government has moved to dismiss the Petition as untimely.  ECF 57 ("Motion").

Mr. Kidd did not reply, and the time to do so has long expired.

As discussed below, no hearing is necessary to resolve the Petition.  And, for the reasons

stated, I shall grant the government's Motion.

## I.    Factual Background

In paragraph 6(a) of the Plea Agreement (ECF 32), the defendant stipulated that the facts

in Attachment A to the Plea Agreement established that he committed the crimes of carjacking

and felon in possession.  Notably, the facts reflect that, during the carjacking, Kidd "took out a

silver handgun, racked the slide to load the gun, [and] pointed it at the driver . . . ."  ECF 32 at 9.

In Paragraph 6(b) of the Plea Agreement (ECF 32), Kidd agreed that he qualified as a "Career

Offender."  Kidd also agreed that "an upward variance is appropriate in light of the dismissed

counts."  ECF 32, ¶ 6(f).

The Amended Presentence Report ("PSR," ECF 44) reflects that Kidd had a total of 24

criminal history points.  ECF 44, ¶ 52.  Therefore, he had a criminal history category of VI.  ECF

44, ¶ 52.

Two of the prior offenses are particularly relevant.  One was for the offense of

distribution of heroin and the other for armed robbery.  These offenses are discussed, *infra*.

Based on these offenses, Kidd qualified as a Career Offender under U.S.S.G. § 4B1.1.  ECF 44,

¶¶ 24, 53.  As a Career Offender, he also had a criminal history category of VI.  *Id.* ¶ 53.

Kidd's final adjusted offense level was 26.  *Id.* ¶ 26.  With a criminal history category of

VI, Kidd's advisory sentencing guidelines called for a period of imprisonment ranging from 120

to 150 months of imprisonment.  ECF 44, ¶ 63.[2]  As noted, under the terms of the "C Plea," the Court imposed a sentence of 180 months.

Judgment was entered on September 15, 2014.  ECF 42.  No appeal was taken.  *See* Docket.

## II. Discussion

### A.

Section 2255(a) of Title 28 of the United States Code, under which Kidd filed his Petition, provides relief to a prisoner in federal custody only on specific grounds: that the sentence was imposed in violation of the Constitution or laws of the United States; that the court was without jurisdiction to impose such a sentence; that the sentence was in excess of the maximum authorized by law; or that the sentence is otherwise subject to collateral attack.

Under 28 U.S.C. § 2255(b), the court must hold a hearing "[u]nless the motion and the files and records conclusively show that the prisoner is entitled to no relief. . . ."  *See*, *e.g.*, *United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004).  Courts have determined that a hearing is not necessary where "the motion . . . fail[s] to allege sufficient facts or circumstances upon which the elements of constitutionally deficient performance might properly be found [or] where the defendant has failed to present any affidavits or other evidentiary support for the naked assertions contained in his motion."  *United States v. Taylor*, 139 F.3d 924, 933 (D.C. Cir. 1998) (internal quotation marks and citation omitted); *accord United States v. McGill*, 11 F.3d 223, 225-26 (1st Cir. 1993).  On the other hand, a hearing is generally "required when a movant presents a colorable Sixth Amendment claim showing disputed material facts and a credibility

---

[2] As noted, even if Kidd were not a Career Offender, his criminal history category was still a VI, based on his qualifying points.  *See* ECF 44, ¶52.

determination is necessary to resolve this issue." *United States v. Robertson*, 219 Fed. App'x 286, 286 (4th Cir. 2007); *see also United States v. Ray*, 547 Fed. App'x 343, 345 (4th Cir. 2013).

In reviewing the Petition, the Court is mindful that a self-represented litigant is generally "held to a 'less stringent standard' than is a lawyer, and the Court must liberally construe his claims, no matter how 'inartfully' pled." *Morrison v. United States*, RDB-12-3607, 2014 WL 979201, at *2 (D. Md. Mar. 12, 2014) (internal citations omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that claims of self-represented litigants are held "to less stringent standards than formal pleadings drafted by lawyers"); *Bala v. Commonwealth of Virginia Dep't of Conservation & Recreation*, 532 F. App'x 332, 334 (4th Cir. 2013) (same).   Nevertheless, in my view, no hearing is necessary to resolve Kidd's claims.

## B.

As noted, Kidd was sentenced on September 15, 2014.   ECF 41.   The Judgment of Conviction was docketed that date.   ECF 42.   The time for filing a notice of appeal expires fourteen days after entry of the Judgment.   Fed. R. App. P. 4(b)(1)(A).   Kidd did not note an appeal from his conviction or his sentence.   Therefore, his conviction became final on or about September 30, 2014, which was the last date by which Kidd could seek appellate review.   *See* Fed. R. App. Proc. 4(b)(1)(A)(i).   Almost two years later, on September 26, 2016, Kidd filed his Petition under 28 U.S.C. § 2255.   ECF 54.

Under the provisions of 28 U.S.C. §2255(f), a one-year limitation period applies to petitions filed under § 2255, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of

the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Upon expiration of the time for filing a notice of appeal, Kidd's conviction became final and the limitations period set forth at 28 U.S.C. § 2255(f) began to run. *United States v. Clay*, 537 U.S. 522 (2003); *United States v. Wilson*, 256 F.3d 217, 221 (4th Cir. 2001). As a result, limitations expired one year later. To have been timely filed, Kidd's Petition was due one year from the date his conviction became final, *i.e.*, by September 30, 2015. However, as noted, Kidd did not file his Petition until September 26, 2016. ECF 54.

Moreover, analysis of Kidd's petition under 28 U.S.C. §2255(f)(3), with the operative date being the date of the Supreme Court's decision in *Johnson*, also establishes that the Petition is untimely. This is because *Johnson* was decided on June 26, 2015. Yet, the instant Petition was not filed until approximately three months after the expiration of the one year filing deadline for a *Johnson* claim.

Therefore, for both reasons, Kidd's Petition is time barred, unless there is a ground for equitable tolling.

Equitable tolling is available in "those 'rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (applying equitable tolling to one-year limitation period in 28

U.S.C. § 2255) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)) (additional citations omitted); *see Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2001); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000); *see also United States v. Oriakhi*, 394 Fed. App'x 976, 977 (4th Cir. 2010). However, the doctrine is meant to apply only where there are "extraordinary circumstances." *Holland v. Florida*, 560 U.S. 631, 634 (2010).

For relief under a theory of equitable tolling, an otherwise time-barred petitioner must demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). But, only "'reasonable diligence'" is required. *Holland*, 560 U.S. at 653 (citation omitted). There is no requirement for "maximum feasible diligence." (Citations and internal quotations omitted).

Ordinarily, a claim such as ineffective assistance of counsel does not warrant equitable tolling. *See Holland*, 560 U.S. at 651-51; *Harris*, 209 F.3d at 328, 331 (denying equitable tolling where attorney conceded that he gave petitioner "erroneous" advice regarding the deadline for filing his habeas petition). Nor is a petitioner's lack of familiarity with the law considered an extraordinary circumstance warranting equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (applying 28 U.S.C. § 2255). Rather, Athe one year limitation period is . . . subject to equitable tolling in >those rare instances where B due to circumstances external to the party=s own conduct B it would be unconscionable to enforce the limitation against the party.=@ *Hill v. Braxton*, 277 F.3d at 704 (citing *Harris*, 209 F.3d at 330. Generally, there must be evidence of some wrongful conduct by respondent that contributed to the delay in filing or evidence that circumstances beyond the petitioner's control caused the delay, such that "gross injustice would result@ in the absence of equitable tolling. *Harris*, 209 F. 3d at 330.

*Holland*, 560 U.S. 631, is instructive as to equitable tolling in the context of post-conviction matters. Holland was a death-row inmate who filed a § 2244 federal habeas petition five weeks after the limitations period had passed. *Id.* at 639. The limitations clock on Holland's § 2244 petition had been suspended while Holland's attorney pursued post-conviction relief in state court. *Id.* at 636. While the state-court petition was pending, communications between Holland and his attorney broke down entirely. *Id.* Nevertheless, Holland wrote letters reminding his attorney of the importance of timely filing his § 2244 petition upon resolution of his state-court petition. *Id.* at 637-38. Holland also performed legal research and provided his attorney with the relevant limitations dates and deadlines. *Id.* at 639. Increasingly distressed by his attorney's performance, Holland twice unsuccessfully asked the Supreme Court of Florida to appoint new counsel for him. *Id.* at 636-37. While in the prison library Holland discovered on his own that his state-court petition was unsuccessful in the Supreme Court of Florida, and that the §2244 one-year limitations period had subsequently run. He filed his own §2244 motion the very next day. *Id.* at 639.

The Supreme Court observed that the District Court had "rested its ruling . . . on a lack of diligence – a ruling that respondent does not defend." *Id.* at 653. It concluded that the District Court was "incorrect." *Id.* It determined that Holland diligently pursued his rights by writing letters to the lower court and to his unresponsive attorney, and by immediately filing his own motion when he became aware of the disposition of his case. *Id.* at 653. Nevertheless, the Court remanded for a determination of whether the facts of the case "constitute[d] extraordinary circumstances sufficient to warrant equitable relief." *Id.* at 653-54.

In my view, Kidd has not shown reasonable diligence or that any extraordinary circumstances prevented him from discovering, "through the exercise of due diligence," the basis

of his claims.  28 U.S.C. § 2255(f)(4).  Accordingly, I conclude that equitable tolling does not apply here.

## C.

Even if the Petition were timely filed, there is no merit to Kidd's claim.

Under § 2255(a), the scope of review of non-constitutional error is more limited than that of constitutional error.  A non-constitutional error provides a basis for collateral attack only when it involves ""a fundamental defect which inherently results in a complete miscarriage of justice"" or is "inconsistent with the rudimentary demands of fair procedure."  *United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999); *see United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015).

Of import here, "a mistaken career offender designation is not cognizable on collateral review."  *Newbold*, 791 F.3d at 459 (citing *United States v. Foote*, 784 F.3d 931, 932-33 (4th Cir. 2015)).  In contrast, a defendant may challenge on collateral review an alleged erroneous determination that he qualifies as an armed career criminal and has thus "'received a punishment that the law cannot impose upon him.'"  *Newbold*, 791 F.3d at 460 (citation omitted).

In *Johnson*, on which Kidd relies, the Supreme Court struck the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), as unconstitutionally vague.  135 S. Ct. at 255-57.  *Johnson* announced a new substantive rule that applies retroactively.  *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016); *In re: Hubbard*, 825 F. 3d 225, 235 (4th Cir. 2016).

In particular, *Johnson*, addressed the provision of ACCA that defines a "violent felony" to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).  The Supreme Court concluded in *Johnson* that the residual clause is vague and thus "violates the Constitution's guarantee of due

process." 135 S. Ct. at 2563.   As the Fourth Circuit recently explained in *United States v. Winston*, ____ F.3d ____, 2017 WL 977031 (4th Cir. March 13, 2017), the Supreme Court "held [in *Johnson*] that the residual clause [of ACCA] did not articulate clearly how to evaluate the risks of injury posed by a crime, depriving defendants of fair notice regarding their potential sentence and inviting 'arbitrary enforcement by judges.'" *Id.* at *2 (quoting *Johnson*, 135 S. Ct. at 2557).   But, in *Beckles v. United States*, ____ U.S. ____, No. 15-8544 (March 6, 2017), the Supreme Court determined that the residual clause in the Sentencing Guidelines, § 4B1.2(a), is not unconstitutionally vague.

Pursuant to the sentencing guidelines, an individual is a Career Offender if he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a)(3).   U.S.S.G. § 4B1.1(a) provides:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Under U.S.S.G. § 4B1.2(a), the term "crime of violence" means "any offense under federal or State law, punishable by imprisonment for a term exceeding one year, that –

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm . . . or explosive material . . . .

U.S.S.G. § 4B1.2(b) is also relevant.   It defines a "controlled substance offense," in part, as a drug offense "punishable by imprisonment for a term exceeding one year that prohibits," among other things, the "distribution" of a controlled substance.

Mr. Kidd does not specify which of his many prior offenses he is challenging.  His prior convictions include distribution of heroin (ECF 44, ¶¶ 33-34) and armed robbery (*id.*, ¶¶ 47-48), both in the Circuit Court for Baltimore City.  The prior armed robbery conviction at issue here is unlike the common law robbery offenses at issue in *United States v. Winston*, *supra*, 2017 WL 977031, and *United States v. Gardner*, 823 F.3d 793 (4th Cir. 2016); common law robbery does not constitute a predicate offense.  In this case, however, both prior offenses constitute qualifying predicate offenses for the Career Offender designation under U.S.S.G. § 4B1.1(a).

In sum, the PSR properly identified Mr. Kidd as a Career Offender.  And, this court properly adopted that assessment at sentencing.  *See* ECF 179, Section III.  In particular, Kidd had the requisite prior record of at least two prior and distinct felony convictions, which occurred when Kidd was at least 18 years of age.  One offense was for a felony controlled substance offense of distribution of heroin in 2004.  *See* PSR ¶¶ 33-34.  The other was for a crime of violence, *i.e.*, armed robbery in 2009.  PSR ¶¶ 47-48.  Each was punishable by a term of imprisonment exceeding one year.  *See* Maryland Code (2012 Repl. Vol., 2016 Supp.), Criminal Law Article (C.L.) §§ 5-602, 5-607; 5-608; C.L. §§ 5-402 and 5-403; *see also* C.L. § 3-401; § 3-403; 14-101(a)(9) (defining C.L. § 3-403 as a crime of violence); *Williams v. State*, 220 Md. App. 27, 102 A.3d 814 (2014).

In any event, and of significance, the parties entered into a Plea Agreement pursuant to Rule 11(c)(1)(C), in which they agreed to a sentence *outside the guidelines*. The court accepted the plea, agreed to be bound by its terms, and sentenced Kidd accordingly, based on the factors in 18 U.S.C. § 3553.  Therefore, Kidd was not prejudiced by the Career Offender designation.

## II. Certificate of Appealability

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Because this court finds that there has been no substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue.  *See* 28 U.S.C. § 2253(c)(2).

### III.    Conclusion

For the reasons set forth above, Kidd's Petition shall be DENIED.  A Certificate of Appealability SHALL NOT ISSUE.

An Order follows.


Date:   March 27, 2017                    /s/_____
                                          Ellen L. Hollander
                                          United States District Judge

11